Rutz and others *v.* City of St. Louis.

*(Circuit Court, E. D. Missouri.   January 3, 1881.)*

1. Riparian Rights—Limits of State Authority.

   The limit of the authority of states bordering on a navigable river is to protect their own shores and harbors without interfering with the opposite shores, or common rights of navigation.

2. Same—Nuisance.

   Where such a state authorizes a structure, which, but for such authorization, would be considered a nuisance, its own citizens must accept the legal consequences, though not without the recovery of damages; but it cannot pass a law to govern a state bordering on the opposite shore, or its citizens, or the realty situated therein.

3. Practice—Demurrer.

   The petition alleged that the plaintiff was the owner of real estate in Illinois, opposite the city of St. Louis, and bordering on the Mississippi river; that said city had caused a dyke to be built on the Missouri shore *unlawfully,* which dyke had caused plaintiff's land to be washed away. *Held,* that the defendant could not raise the question of the lawfulness of the dyke under the Missouri statutes, by demurrer to the petition, but should inform the court by answer, on trial, whether the dyke interfered with the navigability of the river, and transcended the power of the state.

4. Same—Local Actions.

   *Held, further,* that the old rule as to local actions was not applicable to a suit of this nature.

Demurrer to Petition.

*Baker & Fletcher,* for plaintiff.

*Leverett Bell,* for defendant.

Treat, D. J.   This is an action at law for the recovery of damages consequent upon the alleged injuries caused by defendant. The plaintiff was owner of real estate in Illinois, opposite the city of St. Louis. Said city built, it is averred, on its shore, unlawfully, a dyke, whereby 40 acres of plaintiff's

land was washed away. A demurrer is interposed on two grounds:

*First,* that the action is *local,* beng for damages to the realty of the plaintiff in another jurisdiction.

This suit is brought in the United States circuit court here, of which the defendant, a corporation, is an inhabitant, within the meaning of the acts of congress pertaining thereto. Being a municipal corporation it could not be an inhabitant of, or found within the jurisdiction of, Illinois, or of the United States circuit court for said district; and hence, if the common-law rule as to *local* actions must prevail, the plaintiff is remediless, practically, however great the wrong sustained, because no legal service could be there had.

It seems that the *old* rule as to *local* actions should not be considered applicable to suits of this nature. Where there is a wrong there must be a remedy. The injury in this case was caused by defendant acting within another jurisdiction.

*Second.* Defendant contends that the dyke built by it was under authority of Missouri statutes, and consequently was not *unlawful,* despite the averments in plaintiff's petition to the contrary.

Can such a proposition be raised by demurrer to the petition? If the United States courts are bound to take notice of public acts of every state, and the state of Missouri, by statute, authorized the dyke to be erected, then it was a lawful structure, intraterritorially, if properly erected, and does not fall within the rules concerning nuisances. *Transportation Co.* v. *Chicago,* 99 U. S. 635; Weeks, Damnum Absque Injuria, § 8; *Radcliff* v. *Mayor,* 4 Comst. 195; and various other cases cited, especially *Imler* v. *Springfield,* 55 Mo. 125.

There are, however, other and graver considerations involved, to which the attention of counsel was directed in the course of the argument, with the request that they would examine the same, and the authorities to which the court referred. In the absence of any such aid, the court is asked to pass upon a grave question concerning the rights of riparian owners on opposite sides of the river to that where dykes, etc., are constructed, provided such a question can, in the present state of the pleadings, be raised by de-

murrer. Among the cases which serve to throw light on this subject are *Northwestern Packet Co.* v. *Atla,* 2 Dillon, 479, and S. C. 21 Wall. 389. The substance of those decisions is that a state, in the absence of congressional legislation, may authorize the erection of structures on its own shore, and that its citizens affected thereby cannot complain of the same as a nuisance, with right of recovery for special damages under such a rule; but those decisions do not go to the extent that an individual acting under the supposed authority of state legislation can obstruct the navigability of the Mississippi river, which is a common highway. The limit of state authority is to protect its own shores and harbors, without interfering with the common rights of navigation. Where its statute authorizes a structure, its own citizens must accept the legal consequences, though not without recovery of damages; but Missouri cannot pass a law to govern Illinois, its citizens, and their realty situate in Illinois. If, pursuant to a Missouri statute, a dyke was erected destructive of property in Illinois belonging to the citizens of the latter state, such statute cannot be pleaded against them, for the Missouri statute could not operate extraterritorially.

The question intended to be raised by demurrer cannot be so raised. The court must be informed by answer, on trial, whether the dyke interfered with the navigability of the river, and transcended the power of the state in the premises. It is obvious that if, in the absence of congressional legislation, each state bordering on the Mississippi river may prescribe what its citizens may do, destructive of the navigability of the river, and to the great damage of owners occupying the opposite shore, then such a state statute would have an extraterritorial effect—a proposition not admissible.

In the light of the views thus presented, the demurrer must be overruled, so that the parties may present to the court the facts on which their respective rights are based.

Since the foregoing opinion was written, Judge McCrary has passed on a question, not the same as that here presented, but one which throws some light on the subject,—*City of St.*

*Louis* v. *The Knapp-Stout Co.* If an answer is put in setting out all the facts and private statutes, the court will have before it all the legislation and facts to enable it to decide—(1) Whether the city had lawfully authority to erect a dyke; (2) if such authority existed, it erected the dyke as the law required; (3) whether damages of the kind named are not recoverable, when, acting under a public statute, a private individual or municipal corporation destroys the property of others; (4) whether the riparian owner on one shore of the Mississippi, whether a municipal corporation or otherwise, can interfere with the navigability of the river, or, if not doing so, can, for its own benefit, divert the channel to the injury of the owner on the opposite shore.