AMSTERDAM KNITTING COMPANY, Respondent, v. LUTHER L. DEAN et al., Appellants.

EQUITY — AWARD OF NOMINAL DAMAGES DOES NOT PRECLUDE INJUNCTION AGAINST DIVERSION OF STREAM. The fact that only nominal damages have been awarded to a lower, for the unlawful diversion of a stream by an upper, riparian proprietor, does not preclude a court of equity from forever enjoining the latter from continuing the diversion and compelling him forthwith to restore the stream to its natural course and level, as equity will enjoin an act whose repetition or continuance may become the foundation or evidence of an adverse right, although no damage be shown or found.

*Amsterdam Knitting Co.* v. *Dean,* 13 App. Div. 42, affirmed.

(Argued February 9, 1900; decided March 27, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered January 15, 1897, affirming a judgment in favor of plaintiff entered upon the report of a referee.

This action was brought to recover damages alleged to have been caused by the erection of an embankment across the west channel of the Chuctanunda creek, in the town of Amsterdam, and to restrain the defendants from maintaining the same.

The facts, so far as material, are stated in the opinion.

*W. Barlow Dunlap* for appellants. The right to have water flow in its natural channel by a riparian owner only extends to the channel on his own land. An owner above and below him on the stream may divert the stream into a new channel provided he does not affect the flow of the water in its natural channel upon the lands of others. (Lawson on Prop. Rights, 4762 ; Gould on Waters, 777 ; *D. D. B. Co.* v. *Dubuque Co.,* 55 Iowa, 558 ; *Wallace* v. *Drew,* 59 Barb. 413 ; *Jones* v. *Soulard,* 24 How. [U. S.] 41 ; *McLamont* v. *Whittaker,* 3 Rawle, 84 ; *Gould* v. *D. B. Co.,* 12 Gray, 442 ; *Norton* v. *Valentine,* 14 Vt. 239 ; *Ford* v. *Whitbeck,* 27 Vt. 265.) The undisputed facts in this case do not show the diversion of a drop of water or the diversion of a watercourse.

(*Parker* v. *Griswold*, 17 Conn. 299 ; Gould on Waters, §§ 214, 410 ; *Eliot* v. *F. R. R. Co.*, 10 Cush. 191 ; *Clinton* v. *Myers*, 46 N. Y. 517 ; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191 ; *N. Y. R. Co.* v. *Rothery*, 132 N. Y. 293 ; *Avery* v. *E. W. Co.*, 82 N. Y. 587.)

*Edward P. White* for respondent.     The acts of the defendants created a private nuisance, which the plaintiff was entitled to have removed. (Angell on Watercourses, §§ 90, 93 ; *Schriver* v. *Smith*, 100 N. Y. 471 ; *Hudson* v. *Caryl*, 44 N. Y. 553 ; *Crooker* v. *Bragg*, 10 Wend. 260.)     Under such circumstances, equity will restrain the diversion of a watercourse without proof of pecuniary loss. (Angell on Watercourses, §§ 90, 93, 97, 99, 134 ; *Schriver* v. *Smith*, 100 N. Y. 471, 479 ; *N. Y. R. Co.* v. *Rothery*, 132 N. Y. 293 ; *Townsend* v. *Bell*, 62 Hun, 306 ; *Corning* v. *T. I. & N. Factory*, 40 N. Y. 191.)

O'BRIEN, J.     The parties to this action, respectively, own and operate mills upon the same stream or watercourse, the plaintiff being the lower and the defendants the upper proprietors.     The plaintiff alleged that some time prior to the commencement of the action the defendants obstructed the stream by constructing an embankment across the natural channel and blasting out the bed of the stream adjoining their own premises, and so diverted the flow of the water from the course in which it was accustomed to flow.     The referee found the facts in favor of the plaintiff, and the findings must be regarded as conclusive upon this appeal.     There was a finding, however, that the damages sustained by the plaintiff in consequence of the acts complained of were nominal merely. It was decreed by the judgment entered on the report that the diversion of the stream in the manner found was unlawful as against the plaintiff and in violation of its right to have the water of the stream flow through its natural channel, and the defendants were forever enjoined and restrained from continuing the obstruction and diversion, and ordered to

remove the embankment described forthwith and to restore the stream to its natural course and level.

The contention of the learned counsel for the defendants is, that upon the findings the equitable relief granted was unauthorized and erroneous as matter of law. The only basis for this proposition is, that since the referee found that there was no substantial damage to the plaintiff, there was no power in the court to direct the removal of the obstruction or the restoration of the stream to its former condition. This contention cannot be sustained. It seems to be well settled that in such cases, where the act complained of is such that by its repetition or continuance it may become the foundation or evidence of an adverse right, a court of equity will interpose by injunction, though no actual damage is shown or found. (*Smith* v. *City of Rochester*, 104 N. Y. 674; *Webb* v. *Portland Mfg. Co.*, 3 Sum. 189; *Corning* v. *Troy Iron and Nail Factory*, 40 N. Y. 191; Gould on Waters, § 13; Angell on Watercourses, § 449.)

Where the lands of the party complaining of such a diversion of running water includes either the whole or a part of the natural channel, equity will enjoin the continuance of the unlawful act of the owner above and interfere by mandatory injunction to restore the stream to its original condition. The circumstance that the plaintiff in such a case has shown no actual damage, is no answer to his application to have the water restored to its natural course. The case was correctly decided below, after a very full consideration of the law and the facts, and there is no ground upon which this court can properly interfere with the judgment, and it must, therefore, be affirmed, with costs.

PARKER, Ch. J., GRAY, HAIGHT, CULLEN and WERNER, JJ., concur; LANDON, J., not sitting.

Judgment affirmed.