(31 Misc. Rep. 375.)

RIDER v. CITY OF AMSTERDAM.

BRUNDIGE v. SAME

(Supreme Court, Special Term, Fulton County. May, 1900.)

1. WATER COURSES—DIVERSION OF NATURAL FLOW—DAMAGES—INJUNCTION.
   The fact that the damages to riparian owners from the diversion of a water course amount only to $25 in one case, and to $50 in another, will not justify a refusal to enjoin the wrongful diversion of the water.

**2. SAME—COMPARISON OF INJURY—INJUNCTION.**

Where, by the construction and maintenance of a reservoir to withhold the waters of a creek, for the purpose of supplying water to its people, a city diverts the natural flow of the waters of the creek, to the injury of farm lands below the reservoir, but the injury to such lands is slight compared with the harm that would result to the people of the city if prevented from obtaining their water supply from the reservoir, such comparison of the relative harm will be considered by the court in determining whether, in the exercise of its discretion, the city should be enjoined from further diversion, or pay the damage to the fee, and be absolved from further attack.

**3. SAME—FEE DAMAGE.**

In determining the fee damage to farm lands from the diversion of the waters of a creek, consideration will be given, not only to what the lands have been used for, but also to what they might be used for, if enjoying the benefit from a larger stream of water through the creek, with less likelihood of stagnation.

**4. SAME—BOARD OF WATER COMMISSIONERS.**

Since the maintenance of a reservoir for the purpose of supplying a city with water is within the powers of a city, and the reservoir, with the easements pertaining to it, would be the property of the city were the board of water commissioners to cease to exist, the commissioners will be held to represent the city in diverting the natural flow of a water course to maintain such reservoir.

Actions by William Rider and Georgianna Brundige against the city of Amsterdam for damages, and for an injunction against the diversion of a water course. Judgment for plaintiffs.

Jordan & Cassedy, for plaintiffs.
Nisbet & Hanson, for defendant.

RUSSELL, J. By the construction and maintenance of a reservoir to withhold the waters of Hans creek, the defendant, through its water commissioners, has diverted a portion of the natural flow of that creek for its own uses in supplying wholesome water to the people of the city of Amsterdam. The lands of the two plaintiffs in these actions lie so far below the reservoir, and the uses to which those lands are put, neither of the plaintiffs seeking to maintain a water power, for which there has been no available head, and confining their uses of the water to farming purposes, that the damages by them sustained are trifling, and the sum of $25 will cover the actual damages which the plaintiff Rider should receive on account of the diversion for the last six years, and the sum of $50 is sufficient for the plaintiff Brundige. Small damages, however, will not justify the refusal of an injunction. Knitting Co. v. Dean, 162 N. Y. 278, 56 N. E. 757.

The diversion was an unauthorized one, and an interference with the plaintiffs' rights. It would be, however, of serious injury to a great many people to prevent the city from supplying water to the public through the reservoir on Hans creek. It is a matter of small importance to these plaintiffs whether that reservoir be maintained or not. The comparison of the relative harm, in case of an injunction, to the people of Amsterdam, and the correlative benefit to the plaintiffs, is a subject of consideration in the determination of the discretion to be used in granting or withholding an injunc-

tion. By putting upon the defendant, which guards the interests of the public within its limits, the election to determine whether it will not pay fee damage, and thus be absolved from further attack, the general, as well as the private, interests of the parties may be preserved. I think this is the proper way to do in such cases, and such a course seems to be sustained by the appellate division in this department. Gallagher v. Water Co., 25 App. Div. 82, 49 N. Y. Supp. 250.

In determining the injury to the fee, I have to take into consideration not only what the lands of the plaintiffs have been used for, but also what they might be used for for cultivation, and if enjoying the benefits from a larger stream of water through the creek with less likelihood of stagnation. I therefore put the fee damage in the Rider case at $100, and in the Brundige case at $200. Payment of these sums, respectively, with the damages for the past, and costs of the actions, will give to the defendant the clear right to uninterrupted maintenance of its reservoir so far as these plaintiffs or the lands now owned by them are affected.

I cannot assent to the claim of defendant's counsel that the water commissioners do not represent the city. They may act as a separate corporate entity, but the maintenance of the reservoir is within the jurisdictional powers of the city itself, and that reservoir, with the easements pertaining to it, would be the property of the city were the board of water commissioners wiped out of existence.

Nor do I think the title Brundige held by deed, and possession in herself and her predecessors in interest, overcome by the 1815 mortgage to the state, and the records in the office of the secretary of state and the commissioners of the land office.

Let judgment go for the damages awarded in these cases, respectively, with costs, and also an injunction against the diversion of the water, with the limitation that such injunction shall not be operative for 60 days after the entry of the service of the judgment on the defendant; and if within such 60 days the defendant pays, besides damages awarded for past diversions, the sums respectively determined for fee injury, then that said judgment shall be satisfied, the injunction canceled, and the right to one denied.

Ordered accordingly.