## CHESTATEE PYRITES COMPANY *v.* CAVENDERS CREEK GOLD MINING COMPANY.

SIMMONS, C. J.   1. The rule that this court will not interfere with the discretion of the trial judge in granting or refusing an injunction where the evidence is conflicting does not apply when the question to be decided by the trial judge is one of law.

2. Where, therefore, a lower riparian proprietor files an equitable petition praying an interlocutory injunction against an upper proprietor who is threatening to interfere with petitioner's rights in a non-navigable stream flowing through his land, by diverting part of the water above the lands of the petitioner and returning it to the stream below such lands, and where it appears from the record that the defendant, a non-resident of the State, admits the contemplated trespass and defends solely upon the ground that the diversion of the water will not damage the petitioner to any material extent, it is error to refuse the injunction prayed : (1) because the diversion of the water would be an injury to the petitioner's property and property rights ; (2) because the injunction would prevent a multiplicity of suits ; and (3) because the injunction would restrain acts of the defendant which might with the lapse of time become the foundation of an adverse right.    Civil Code, § 3057 ; *Hendrick* v. *Cook*, 4 *Ga.* 262 ; *Pool* v. *Lewis*, 41 *Ga.* 162 ; Webb v. Mfg. Co., 3 Sumner,189 ; Angell, Watercourses, § 449 ; Gould, Waters, § 513 ; 1 Addison, Torts (Wood's ed.), § 109, note 1 ; 3 Pom. Eq. Jur. § 1357.

3. This case differs from that of *White* v. *Land Co.*, 96 *Ga.* 415. In that case the question was as to the measure of damages on the final hearing before a jury ; while in this case the hearing was interlocutory and the judge was without jurisdiction to pass upon the amount of the damages, the right to a temporary injunction turning on the admitted injury to the plaintiff's rights, without regard to the amount of his damages.    Though the threatened injury may have been such as to result in no material damage to the plaintiff, and though the commission of the trespass would greatly have benefited the defendant, the latter should still have been enjoined, for "the necessities of one man's business can not be the standard of another's rights."    Wheatley v. Chrisman, 24 Pa. St. 302.        *Judgment reversed.    By four Justices.*

Argued June 16,—Decided June 30, 1903.

Petition for injunction.    Before Judge Kimsey.    Lumpkin superior court.    April 21, 1903.

*H. H. Perry* and *W. A. Charters*, for plaintiff.

*J. W. H. Underwood* and *H. H. Dean*, for defendant.