## CITY OF ELBERTON v. HOBBS.

FISH, P. J.   1. A municipality which buys a piece of land on a non-navigable
stream several miles distant from its corporate limits, does not thereby be-
come entitled as riparian owner to take from the stream a supply of water
for the inhabitants of the city.   Stein v. Burden, 24 Ala. 130 ; City of Em-
poria v. Soden, 25 Kan. 588, 606 ; Sparks Mfg. Co. v. Newton, 57 N. J. Eq.
367, s. c. 60 N. J. Eq. 399 ; 1 Farnham on Waters and Water Rights, § 137.

| | |
|---|---|
| 121 | 749 |
| 127 | 291 |
| 127 | 294 |

2. The right of the owner of land through which a non-navigable stream
flows to have its waters come to his land in the natural and usual flow is,
inseparably annexed to the soil and is parcel of the land itself, and comes
within the protection of the constitutional provision which forbids the taking
of private property for public purposes, without just and adequate compensa-
tion being first paid.   Persons v. Hill, 33 Ga. Supp. 141; Hough v. Doyles-
town, 4 Brewst. 333.

3. Equity will enjoin a municipal corporation from taking a water supply from
a stream in violation of the rights of a riparian owner, though he may not
at once be seriously injured thereby.   Persons v. Hill, supra; Chestatee
Pyrites Co. v. Cavenders Creek Gold Mining Co., 118 Ga. 255 ; Burden v.
Stein, 27 Ala. 104; Higgins v. Flemington Water Co., 36 N. J. Eq. 538 ;
Pine v. New York, 103 Fed. 337; 1 Farnham on Waters, 616.

4. Applying the principles above announced to the facts of the present case,
the court did not err in granting an interlocutory injunction.

                  *Judgment affirmed.   All the Justices concur.*

      Argued December 19, 1904.—Decided January 28, 1905.

    Injunction.   Before Judge Holden.   Elbert superior court,
October 20, 1904.

    It being the purpose of the City of Elberton, for general water-
works and sewerage, to divert water from Beaver Dam creek, a
non-navigable stream, some miles from the city limits and at a
point above the plaintiff's mill property situated upon that creek,
she prayed for an injunction to prevent such appropriation.   She
alleged, that this creek was the only source of supplying water
to her mill and ginnery, and was necessary to their maintenance
and operation ; that the city was proceeding without lawful au-
thority, without paying or tendering to her any compensation,
and without in any manner acquiring the right to divert the
water; that the purposed diversion of water would damage her
in a large sum that could not well be estimated in money, and
would greatly depreciate the value of her property and render the
mill and ginnery practically useless; that she had repeatedly
notified the city and its mayor that she could not permit the
water to be so diverted without reasonable compensation, and not

to divert it until some adjustment had been made, etc. By its answer and affidavits in support thereof the city set up the following: It is absolutely necessary, for the protection of the city and its inhabitants from fire, that it take water from the creek. It has done all acts in building its waterworks and sewer system with skill and without negligence; and all that it has done and contemplates doing is with the authority of law. It has title to the land whereon its pumping station is located, immediately on the banks of the creek. At least seventy-five per cent. of the water taken from the creek will be returned thereto through a branch that starts near the city and runs into the creek at a point five or six miles above the plaintiff's mill property, and the quantity so taken will be so small, in comparison with the flow of water in the creek, that no damage will result to her property. This property is not now in operation, and has not been for several years; it has fallen into dilapidation and decay, the dam is washed away, and the bed of the stream is so filled with sand that there is now no shoal at the place where the dam stood, so as to rebuild the dam.

The injunction was granted, and the defendant excepted.

*J. N. Worley*, for plaintiff in error. *Dean & Hobbs*, contra.