HENDRIX *et al. v.* ROBERTS MARBLE COMPANY.

No. 8676.   August 13, 1932.

394

*A. J. Henderson,* for plaintiffs.

*Roberts & Vandiviere,* for defendant.

RUSSELL, C. J.   (After stating the foregoing facts.)

The question of riparian rights has been the subject of many learned writings by the most distinguished judges and law-writers. Many authorities might be cited which sustain the judgment of the trial judge in this case, but the opinion rendered by him is so clearly in accord with the utterances of this court in the cases which he has cited as to render further elaboration a matter of supererogation, and we content ourselves with adopting the concluding portion of his opinion as our own. "The court is of the opinion that under the law riparian rights are appurtenant only to lands which actually touch on the watercourse, or through which it flows, and that a riparian owner or proprietor can not himself lawfully use or convey to another the right to use water flowing along or through his property, upon non-riparian lands or lands physically separated from the lands bordering upon the stream. 40 Cyc. 559 (3); *City of Elberton* v. *Hobbs,* 121 *Ga.* 749 [49 S. E. 779]. The undisputed evidence in this case shows that the lands upon which the plaintiff L. G. Green seeks the right to use the water from the stream now in question are physically separated from the lands of the plaintiff W. H. Hendrix, which border upon said stream, by a street and by the property of other persons, and that the same is non-riparian lands. *Stoner* v. *Patten,* 132 *Ga.* 178, 181 [63 S. E. 897]; 40 Cyc. 558 (3). After consideration of the evidence and argument of counsel, and under the decisions of the Supreme Court of Georgia in *Chestatee Pyrites Co.* v. *Cavenders Creek Mining Co.,* 118 *Ga.* 255 [45 S. E. 267]; *City of Elberton* v. *Hobbs* [supra], it is ordered by the court that the temporary restraining order heretofore granted in favor of the plaintiffs and against the defendant be and the same is hereby dissolved, and the prayers of the plaintiffs for

a temporary injunction are denied. It is further considered, ordered, and adjudged by the court that the plaintiffs be and they are hereby temporarily restrained and enjoined from diverting any water from said stream and carrying the same on the non-riparian lands or premises of the plaintiff L. G. Green, or of any one else. This the 2d day of September, 1931."

The court did not err in disallowing the amendment of plaintiffs, and the testimony in support thereof. The amendment related to the pollution of water by the defendant in its marble works before its return to the stream. The old Latin maxim, *aqua curret et debet currere in modo quo currere solebat,* controls this proposition. The Roberts Marble Company, as the water flows through its land, has the right, as a riparian owner, to subject the water to any use in its manufacturing plant which is not in conflict with the public health or public morals. That it may absorb some of the grindings of marble as it goes to the lower riparian owners is not a reason for enjoining the use of the water by the Roberts Marble Company. We therefore hold that it was not error for the judge to disallow this amendment, which did not set up a cause of action under the usual rules governing riparian rights.

*Judgment affirmed. All the Justices concur.*