## SAYLES, Respondent, v. CITY OF MITCHELL, Appellant.

### (245 N. W. 390.)

(File No. 7309.   Opinion filed November 28, 1932.)

*W. R. Danforth,* of Mitchell, for Appellant.

*Morgan & Eastman,* of Mitchell, for Respondent.

WARREN, J.   This is an appeal from the overruling of defendants demurrer to plaintiffs complaint on the grounds that the complaint fails to state facts sufficient to constitute a cause of action.

The plaintiffs amended complaint to which the defendant interposed its demurrer sets forth and alleges that plaintiff owned certain land in Davison county, S. D., along and through which "Fire-Steel" creek flowed whereby she as a riparian owner was supplied with a continuous and abundant stream of water. Upon this riparian land, the plaintiff constructed and maintained at a large expense a public swimming pool using therefor the water from said stream. A portion of Paragraph III reads as follows: "That from the time whereof the memory of man runneth not to the contrary, there has flowed across the northern end of what is now Davison County, South Dakota, in a generally east south-easterly direction, a definite and naturally formed running stream of non-navigable water, now, and for many years past, known and designated as 'Fire-Steel Creek.'"

The complaint further alleges that "no portion of said stream, or of the natural watershed thereof are, or ever were, within the corporate limits of the defendant city until the 2nd day of June, 1930, when the council of the defendant city by resolution took into its corporate limits the 1220 acres of land." Paragraph V of the plaintiff's complaint sets forth that the defendant city "for the purpose of building a lake for recreation purposes, and for the further purpose of supplying water to its industries and inhabitants, for domestic, commercial and industrial purposes, did, during the latter part of the year 1927, and the fore part of the year 1928, purchase and acquire approximately 1220 acres of land along and adjacent to the said creek and up stream from plaintiff's land; that such land * * * was from one-half to three and one-half miles north of the northern boundary" of the said city. The defendant city thereafter in carrying out its purpose of creating such lake, "placed an earthen dam across the channel of said creek, and did thereby completely stop the flow of water down the said stream" from November, 1927, up to March 20, 1920, and since that time only a small portion of the water that formerly flowed down said stream now flows past or through the plaintiff's land. For a "period of approximately three years, no portion of the water so impounded * * * was used by the defendant city for its water supply or for * * * its inhabitants, but that it was used wholly for recreation purposes"; that since August 11, 1930, a portion of the water is being used by two industries for commercial purposes;

that because of this, said creek does not now or never will contain any flowing water, save and except only such as has been used in the defendant's water plant for cleaning and washing filters therein; and that this water is highly polluted and is unfit for the use for which plaintiff had formerly used such water.

To the complaint, the defendant demurred for the reason that said amended complaint fails to state a cause of action against the said defendant. The trial court by its order overruled the demurrer, from which ruling the defendant has appealed to this court.

The appellant in its argument has stated its position substantially as follows: That appellant is a riparian owner and has a right to use all of the water of said stream for the purpose of supplying water for the purposes set forth in the amended complaint, upon the theory that, even though water might be used for industrial or commercial purposes within the city, such purposes as set forth in the amended complaint should be construed to mean and should mean nothing else but domestic purposes, the same being merely an incident to the life of any community; and further contends a distinction must be drawn between the use as set forth in the amended complaint and such use as where the water is carried away for irrigating large tracts of land, or where the water is carried away and used for power purposes solely.

As we view the matters in dispute upon the pleadings, it is unnecessary at this time to decide the amount or quantity of water that the defendant city may or may not be entitled to obtain from the waters in "Fire-Steel" creek; nor is it necessary to decide to what use this water may be put, domestic or commercial, in order to hold the respondent's amended complaint as stating a cause of action based upon the reasons hereinafter stated.

Prior to the acquisition of the 1,220 acres bordering on and adjacent to said stream, the appellant municipality owned no land bordering on the stream. It became a riparian owner only by virtue of said purchase. Legally defined, a riparian owner is an owner of land bounded by a water course or lake or through which a stream flows. 40 Cyc. 558. It is a generally recognized rule that "no legal right exists in a raparian owner for the use of the water beyond his riparian land, and any such use is an infringement of the rights of the lower riparian proprietors, who are thereby deprived of the flow." 27 R. C. L. 1128, § 58.

"Land which is not within the watershed of a river is not riparian thereto, although it may be part of an entire tract, which does extend to the river." 27 R. C. L. 1074, § 16.

With that in mind and considering the position of the appellant city (as stated in the complaint), it could not take any portion of such water away from the natural watershed and onto nonriparian lands and for nonriparian consumers. Town of Gordonsville v. Zinn., 129 Va. 542, 106 S. E. 508, 14 A. L. R. 318; Texas Co. v. Burkett, 117 Tex. 16, 296 S. W. 273, 54 A. L. R. 1397; Farnham on Waters & Water Rights, vol. 1, p. 609, § 137; City of Elberton et al v. Hobbs, 121 Ga. 749, 49 S. E. 779; Sparks Mfg. Co. v. Town of Newton et al, 57 N. J. Eq. 367, 41 A. 385; Stratton v. Mount Hermon Boys' School, 216 Mass. 83, 103 N. E. 87, 49 L. R. A. (N. S.) 57, Ann. Cas. 1915A, 768; Anaheim Union Water Co. v. Fuller, 150 Cal. 327, 88 P. 978, 11 L. R. A. (N. S.) 1062; Mentone Irrigation Co. v. Redlands Electric Light & Power Co., 155 Cal. 323, 100 P. 1082, 22 L. R. A. (N. S.) 382, 17 Ann. Cas. 1222.

For the purposes of this appeal, the truth of plaintiff's complaint must be admitted when attacked by demurrer; and it appearing that the corporate limits of the appellant municipality being outside or beyond the natural watershed of the said stream, the city of Mitchell could not divert water from the stream to supply its nonriparian inhabitants without compensating the lower riparian owner.

The order appealed from is affirmed.

POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

CAMPBELL, P. J., concurs in result.