28060. DAVIS *et al. v.* COBB COUNTY.

DECIDED FEBRUARY 15, 1940.

*Blair & Gardner, George D. Anderson, Thomas E. Latimer, J. G. Roberts,* for plaintiffs.

*Carmichael & Grove,* for defendant.

FELTON, J. Mrs. Lucy Davis, owner of the land alleged to have been damaged, and Tom Davis, her husband, lessee of the land, sued Cobb County for damages alleged to have resulted from the taking and damaging of the land by reason of the filling in of a spring on the adjoining land by the county authorities who are alleged to have dumped dirt in and over the spring, stopping it up, and diverting and shutting off from the plaintiffs' lands the water which had freely flowed thereon for a long period of time. It was alleged that the right of way of the road was graded, the dirt removed therefrom and dumped into and onto the spring which was more than one hundred feet from the right of way being graded

under a contract with the State Highway Board. The petition alleged as damages the difference between the value of the described land before and after the taking and damaging. A general demurrer to the petition was sustained and the plaintiffs excepted.

■ It is elemental that private property may not be taken or damaged for public purposes without the payment of just and adequate compensation therefor.

■ "The owner of land through which nonnavigable watercourses may flow is entitled to have the water in such streams come to his land in its natural and usual flow, subject only to such detention or diminution as may be caused by a reasonable use of it by other riparian proprietors." Code, § 105-1407. An owner of land to or through which a nonnavigable stream flows has a right to the flow of the water which is equal to his right to the soil which underlies the stream. *Hendrix* v. *Roberts Marble Co.* 175 *Ga.* 389 (165 S. E. 223); *Robertson* v. *Arnold,* 182 *Ga.* 664 (186 S. E. 806, 106 A. L. R. 681); *Persons* v. *Hill,* 33 *Ga. Supp.* 141; Gardiner *v.* Newburgh, 2 Johns. Ch. (N. Y.) 164. Such a right comes within the constitutional provision referred to in the first division of the opinion. *Persons* v. *Hill* and Gardiner *v.* Newburgh, supra.

■ The fact that the dumping of the dirt into and onto the spring was not necessary, or was ill-advised, or was negligent, is immaterial to the liability, since by the dumping private property was taken and damaged. *Gwinnett County* v. *Allen,* 56 *Ga. App.* 753 (194 S. E. 38); *Bates* v. *Madison County,* 32 *Ga. App.* 370 (2) (123 S. E. 158). Neither is it necessary that the spring must have been taken for public use. It is sufficient if it was actually taken or damaged by the making of a public improvement. The contention that the removal of the dirt from the right of way was not such an incident to a public improvement as would create a liability is not well taken. The removal of dirt is an incident to the grading of a road from which dirt must be or is removed, and as it is necessary that the dirt be removed from the road it must be placed somewhere, and the disposition of it is as much a part of the improvement as the actual grading itself. The case of *Purser* v. *Dodge County,* 60 *Ga. App.* 316 (3 S. E. 2d, 744), involved a suit for personal injuries and is not in point, and we do not find anything in any case cited by the defendant in error in conflict

714

with anything herein held. The petition set forth a cause of action and it was error to sustain the general demurrer.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*