Joseph Liff, J.
The plaintiff, in this action for a permanent injunction, has applied to the court for a temporary injunction to restrain her landlord from continuing a trespass on the premises which he demised to her in December of 1962 for a term of five years. The defendant landlord has entered upon the premises and begun the construction of another building. The lease which he gave her contains a covenant of quiet enjoyment. The landlord does not deny that he committed a trespass but he urges in his defense several excuses which this court cannot accept. In addition, he protests that the plaintiff would suffer only minimal damages.
This court is of the opinion that the tenant is entitled to enjoy the premises for which she is paying rent without interference by her landlord and without suffering his breach of the covenant of quiet enjoyment. His trespass deprives her of the use of a substantial portion of the vacant land which is available for parking and in addition the exhibits reveal that there is interference with ingress to and egress from the premises.
The landlord has trespassed and should he be permitted to continue in his course it may ultimately become necessary to issue a mandatory injunction compelling the removal of the building. The status quo should be preserved. The fact that the plaintiff’s damages may be nominal, even if admitted, is not the only circumstance to be considered. In Stahl & Jaeger v. Satenstein (233 N. Y. 196) our Court of Appeals restrained a landlord from painting signs on the outer walls of a building at the 13th and 14th floors, which space had been let to the plaintiff tenant.
In Van De Carr v. Schloss (277 App. Div. 475, 477-487 [3d Dept.]) the court said: “ ‘ The general rule is, that where the injury is permanent in character, and the damages resulting *54 therefrom continuous in their nature, and especially where, from the nature of the act and the injury suffered, it is impossible, or difficult, to ascertain and determine the extent of the injury which may flow from a continuance of the wrong, an injunction is the proper remedy.’ Defendant erected this structure under a claim of right and its continuance may become the foundation or evidence of an adverse right. Under such circumstances an injunction will be granted although damage is slight or even if no actual damage is shown or found. (Amsterdam Knitting Co. v. Dean, 162 N. Y. 278, 280; Strobel v. Kerr Salt Co., 164 N. Y. 303, 323.)” The court will enjoin a continuing trespass. (Garvey v. Long Is. R. R. Co., 159 N. Y. 323.)
The plaintiff shall furnish a bond in the sum of $1,000. In the event that it should become necessary, the defendant may apply to the court for an increase in the amount of that bond. An early disposition of this matter is desirable and therefore a preference in trial pursuant to rule 11 of this court’s rules will be granted. The plaintiff is directed to file a note of issue within five days from the date of the order to be entered hereon and the case will be set down for trial for the 20th day following joinder of issue upon the waiver or completion of all preliminary proceedings, the filing of a statement of readiness, a note of issue, and the payment of all fees due thereon.