S95A0500. LEO PUBLICATIONS, INC. v. REID.
(458 SE2d 651)

THOMPSON, Justice.

Leo Publications, Inc. ("Leo") brought suit against a former employee to enjoin her use of a customer list and the name "Carrollton Connection," claiming both were protected trade secrets. We affirm the denial of injunctive relief because neither the list nor the name meet the requirements of a trade secret.

Denise Reid was employed by Leo, publisher of the "West Georgia Shopper," as advertising director from March 1988 until June 1, 1994. Leo's employee handbook mandated that all information about Leo and its clients be kept confidential. Although employees were required to sign this handbook, it specifically stated it was not intended to be a contract. Reid was never asked to sign a restrictive covenant of any kind.

Before leaving her employment, Reid compiled a list of Leo's advertising clients to be used by her successor. The list included contact persons, telephone numbers, size, frequency, and rates of advertising. Reid left two photocopies of the list at Leo; the parties dispute whether she retained the original.

During her employment, Reid was privy to company discussions concerning proposed additional publications entitled "Bowdon Connection" and "Villa Rica Connection." Leo began marketing these publications but it never registered these names as trade names. Other publications were planned for the future in Carrollton, Temple and Whitesburg. These publications were to bear the name "Connection" too. After leaving Leo, Reid registered the name "Carrollton Connection" as a trade name and began publishing her own paper

under that name.

Leo sought a permanent injunction barring Reid's use of both the customer list and the name "Carrollton Connection." Following a bench trial, the court found in favor of Reid, concluding that the list and name were not trade secrets. Nevertheless, the court ordered Reid to return the original list to Leo if it was in her possession.

1. The Georgia Trade Secrets Act of 1990 provides that actual or threatened misappropriation of trade secrets may be enjoined. OCGA § 10-1-762 (a). To be classified as a trade secret, the information in question (1) must not be readily ascertainable by proper means by persons who can benefit from its use and (2) must be the subject of reasonable efforts to maintain its secrecy. OCGA § 10-1-761 (4).

With respect to the customer list compiled by Reid, the trial court found that the information contained therein was not a trade secret because it was readily ascertainable by proper means. The trial court observed that a list of customers and the size and frequency of their advertisements could be compiled by any of the 30,000 readers of the "West Georgia Shopper"; that the addresses and telephone numbers of the advertising businesses could be determined easily by looking in the telephone directory; and that the amounts paid and the contact person at each organization could be obtained by any experienced advertising executive. These findings make it clear that the list fails the first requirement of OCGA § 10-1-761 (4) and that it is not a protected trade secret.

Although it determined that the customer list was not a trade secret, the trial court ordered Reid to return the original, written customer list if it was in her possession. (The trial court allowed Reid, however, to make use of any personal knowledge of customer information.) This aspect of the trial court's ruling complies with *Avnet, Inc. v. Wyle Laboratories*, 263 Ga. 615 (437 SE2d 302) (1993), wherein this Court held that under OCGA § 10-1-761 (4), only tangible customer lists are the property of the employer and warrant protection as trade secrets. Thus, even if it could be said that the customer list was a trade secret, we would find no error.

2. Leo erroneously contends that the name "Carrollton Connection" was a trade secret. The idea for the name "Carrollton Connection" was not novel or original and was not worthy of protection as a trade secret. *Wilson v. Barton & Ludwig, Inc.*, 163 Ga. App. 721, 725 (296 SE2d 74) (1982); see *Multiple Realty v. Multiple Listing Svc.*, 220 Ga. 437, 440 (139 SE2d 326) (1964) (geographical, descriptive name is readily available to the public and belongs to the public as a whole). Whether it warranted protection as a trade name need not be decided because that issue has not been raised by the parties.

*Judgment affirmed. Benham, C. J., Fletcher, P. J., Sears, Hunstein and Carley, JJ., concur.*

DECIDED JULY 10, 1995.

*Smith & Wallis, Kenneth A. Smith, James W. Wallis, Jr., Christopher B. Scott,* for appellant.
*Wiggins & Camp, S. James Tuggle, Kelley C. Park,* for appellee.