S96A0212. DeGIORGIO et al. v. MEGABYTE INTERNATIONAL, INC.
(468 SE2d 367)

CARLEY, Justice.

Megabyte International, Inc. (Megabyte) is a distributor of computer hardware components. DeGiorgio was a salesman for Megabyte for a few months, but then began working for its newly formed competitor, American Megabyte Distributors, Inc. (AMDI). About a month later, Megabyte brought suit against DeGiorgio and AMDI alleging misappropriation of trade secrets, specifically, lists of Megabyte's top vendors and customers. The trial court granted Megabyte's motion for interlocutory injunction, and DeGiorgio and AMDI appeal.

1. Appellants contend that the trial court had no discretion to grant the injunction because there was no evidence that they misappropriated Megabyte's customer and vendor lists.

Megabyte presented evidence that, after DeGiorgio stopped coming to work, Megabyte searched his desk and could not find customer lists that had been given to DeGiorgio. There was evidence that these lists contained specific information about the customers. The president and the executive vice president of Megabyte testified that, after DeGiorgio left, Megabyte received numerous complaints regarding his activities from top customers, who could not be identified through phone books or commercial lists. This evidence was properly admitted over hearsay objections. See *White v. East Lake Land Co.*, 96 Ga. 415, 416 (4) (23 SE 393) (1895); *Stewart v. Lanier House Co.*, 75 Ga. 582, 583 (4) (1886).

During the search of DeGiorgio's desk, Megabyte found a list of its top vendors in the form of a single-page fax addressed to AMDI's president and dated May 1, 1995. The company fax records show that, on May 1, 1995, a single-page fax was sent to the same phone number shown on the fax found in DeGiorgio's desk. DeGiorgio admitted preparing the fax, but denied ever sending it.

We conclude that the trial court did have before it some evidence that appellants misappropriated customer and vendor lists belonging to Megabyte.

2. Appellants further contend that the lists were not trade secrets which could support a grant of interlocutory injunctive relief under the Georgia Trade Secrets Act.

The lists at issue contained the identities of actual customers and vendors of Megabyte and specific information concerning them. Thus, the information on the lists was not readily ascertainable from any source other than Megabyte's business records. "Such a source would be improper if [Megabyte] had made a reasonable effort to maintain the secrecy of those customer [and vendor] lists." *Avnet, Inc. v. Wyle Laboratories*, 263 Ga. 615, 617 (1) (437 SE2d 302) (1993). A review of the record reveals evidence from which the trial court could have found that Megabyte had made such a reasonable effort to maintain the secrecy of the customer and vendor lists which the trial court determined to be trade secrets. See *Avnet, Inc. v. Wyle Laboratories*, supra. Accordingly, the trial court did not abuse its discretion in granting an interlocutory injunction under the Trade Secrets Act. *Avnet, Inc. v. Wyle Laboratories*, supra.

3. Appellants also contend that the injunction is overly broad.

Under OCGA § 10-1-761 (4), only tangible lists of customers and suppliers are the property of the employer and warrant protection as trade secrets. *Avnet, Inc. v. Wyle Laboratories*, supra at 618-619 (2). See also *Leo Publications v. Reid*, 265 Ga. 561, 562 (1) (458 SE2d 651) (1995). In the instant case, the trial court enjoined all solicitation and sale to customers that appellants knew or had reason to know were Megabyte's customers during DeGiorgio's employment with Megabyte. The trial court also enjoined contact with any vendor named on the fax list compiled by DeGiorgio or on any list obtained from Megabyte. Thus, the trial court effectively enjoined appellants from utilizing personal knowledge of customer and vendor information. Such utilization of personal knowledge may be forbidden through the use of restrictive covenants, but not under the Trade Secrets Act. *Avnet, Inc. v. Wyle Laboratories*, supra at 620 (2). It follows that the trial court erred in framing the injunction in overly broad terms and that portion of the judgment must be reversed. The case is remanded to the trial court for the entry of a new order consistent with this opinion and with the holding in *Avnet, Inc. v. Wyle Laboratories*, supra.

*Judgment affirmed in part and reversed in part, and case remanded with direction. All the Justices concur.*

DECIDED APRIL 8, 1996.

*Henderson & Cohen, Daniel L. Henderson, Webb & D'Orazio, Robert F. Webb, John S. D'Orazio*, for appellants.

*McLain & Merritt, Steven G. Hall, Robert B. Hill,* for appellee.