PEEL *v.* THE CITY OF ATLANTA.

A declaration alleging that the plaintiff was the owner of a lot of land in the city, a portion of which she sold, and of which portion the city afterwards became the purchaser and opened a public street thereon adjoining the remaining land of plaintiff, rendering it unsightly and depriving it of privacy, and that she had reason to fear assessments upon all three sides of her lot for street improvements, and that thus it had become of reduced value, set forth no cause of action and was demurrable.

April 14, 1890.

Actions. Municipal corporations. Damages. Constitutional law. Eminent domain. Before judge MARSHALL J. CLARKE. Fulton superior court. September term, 1889.

Reported in the decision.

GEO. S. THOMAS, for plaintiff, cited Code, §§5024,

2225; 74 *Ga.* 575 ; 67 *Ga.* 386; 81 *Ga.* 625; 82 *Ga.* 3 .0; 69 *Ga.* 455; 70 *Ga.* 87; 71 *Ga.* 726; 78 *Ga.* 307.

J. B. Goodwin and J. A. Anderson for defendant, cited Atlanta charter, Acts 1874 ; 81 *Ga.* 625.

Blandford, Justice.

This was an action brought by Lucy Peel against the City of Atlanta, to recover damages for alleged injury to certain property of hers. Her declaration alleged that she was the owner of a certain tract of land in the city of Atlanta; that she sold a portion thereof, lying on Harris street, to one Nix, who sold the same to the City of Atlanta ; and after the city bought the said lot, it opened a public street on said lot adjoining the balance of her land, thereby making the remaining portion of her land to be bounded on three sides by three public streets of the city, rendering it ungainly and unsightly to the public, and depriving it of all privacy ; that the city had filled up a well on the portion that was sold, which her tenants had the right to use ; and that she had reason to fear assessments upon all three sides of her lot for improvements in the way of sidewalks and streets. It is not alleged in the declaration that the defendant invaded her property in any way, or any right or use of hers therein, but she alleges that it has diminished in value by reason of public improvements made in the vicinity. Upon demurrer to this declaration, the court held that it set forth no cause of action, and dismissed the same. And this is the case presented for our consideration.

We think the true rule is, that where property is taken, or where it is damaged for the public use by an invasion of the right of the property-holder as to its use or enjoyment, and the property thereby becomes diminished in value, an action may be maintained by the owner of such property to recover for the damages thus incurred. But we are inclined to think that

where there has been no invasion of any right or use of private property by the public, by the erection or laying out or building of any sewers, public highways, streets or pavements, no action can be maintained by the owner of adjacent land to recover for any damages that may be suffered in consequence thereof. If this highway or street had been opened or dedicated by Nix to the use of the public upon the land which she sold to the city, and such act on the part of a private owner was no invasion of any right, use or enjoyment in the property of an adjacent owner, no action would result to the latter thereby. And in this respect the city occupies as high a position as a private person, where it puts an improvement upon its own land. The constitution of this State (Code, §5024) declares : "Private property shall not be taken or damaged for public purposes, without just and adequate compensation being first paid." The same provision is in the constitutions of Illinois and Missouri, and of other States. Lewis on Eminent Domain, §221. The English statute, which has the same purpose as these constitutional provisions, uses the term "injuriously affected." Some statutes on the same subject use the word "injured." All these terms are believed to be equivalent in meaning and extent. *Id*. §222. The effect of such provisions is not to authorize compensation in all cases where property may be injured by public works, but only where the enjoyment of some right of the plaintiff in reference to his property is interfered with and the property thereby rendered less valuable. The test is, would the injury, if caused by a private person without authority of statute, give the plaintiff a cause of action against such person? If so, then he is entitled to compensation notwithstanding the statute which legalizes the damaging work. The constitutional or statutory provision simply prevents the defendant from shielding himself under

legislative authority against liability for damages consequent upon the work. Hence if no part of the plaintiff's land is taken, and no other right of his is disturbed, he cannot have compensation. Lewis on Em. Dom., §§235, 236; Queen v. Metropolitan Board of Works, 3 B. & S. 710; Ricket v. Metropolitan R'y Co., L. R. 2 H. L. 175; Rude v. The City of St. Louis, 93 Mo. 408; Chamberlin v. West End R'y Co., 31 L. J. (Q. B.) 201; Rigney v. City of Chicago, 102 Ill. 64. Where no land of the plaintiff is taken, and no other right infringed, he is not entitled to compensation on the ground that the privacy of his residence is destroyed. *In re* Penny, &c., 26 L. J. (Q. B.) 225.

The fear of being assessed is a mere apprehension not yet realized, and cannot sustain a claim for damages. Besides, it seems that one who is delinquent, as this plaintiff promises to be, in the payment of assessments, cannot save his or her property from sale to get payment for the improvements put there by the city, under the constitutional provision invoked by this declaration. That provision refers to the exercise of the right of eminent domain, and not to the enforcement of lawful assessments. White v. The People, 94 Ill. 604.

It follows that the court did not err in sustaining the demurrer to the declaration.          *Judgment affirmed.*