## BRUNSWICK & WESTERN RAILROAD COMPANY *v.* HARDEY & COMPANY.

1. An allegation in a petition, " that the store or place of business of plaintiffs is situated on " a named street, is, as against a general demurrer, a sufficient allegation of ownership by the plaintiffs of the store thus mentioned; but, whether owner or tenant of given premises, the person in possession may recover for a tortious interference with his business therein conducted.

2. Although the duty of keeping public streets in order primarily devolves upon the municipal authorities, one who wilfully and without any authority whatever obstructs a public street so as to interfere with passage over the same is liable to any person who in consequence sustains special damage.

3. Illegally obstructing a public street so as to prevent the customers of a merchant from using the same as a means of access to his store, and continuing the obstruction a sufficient length of time to work injury or damage to the merchant's business, is inflicting upon him a special wrong not shared in by the public at large, for which he is entitled to maintain an action.

Argued December 19, 1900. — Decided January 25, 1901.

Action for damages. Before Judge Williams. City court of Waycross. June 21, 1900.

*W. E. Kay* and *J. C. McDonald*, for plaintiff in error.
*John T. Myers*, contra.

LEWIS, J. J. W. S. Hardey & Company brought suit for $1,500 damages, in the city court of Waycross, against the Brunswick & Western Railroad Company. The petition alleged, in substance, that, until December 26, 1899, there had been for more than fifteen years a public-road crossing across the line of the defendant company in that part of the city of Waycross known as Hazzard's hill, at the intersection of Wilkinson street and the Brunswick & Western Railroad's right of way; that this crossing connected Wilkinson street with the public road which runs along the railroad and which leads from Waycross to Schlatterville, Ga., and that section of Ware county east of the Brunswick & Western Railroad; and that on or about December 26, 1899, the defendant company tore up and removed this public crossing without any authority of law, and obstructed the same so that passage by the public over the crossing was stopped. Petitioners are engaged in the mercantile business in that portion of the city of Waycross known as Hazzard's hill, and their store or place of business is on Wilkinson street, adjoining the right of way of the defendant company and about twenty-five yards from the crossing which was torn up and obstructed by it. This crossing is now and has been torn up and obstructed since December 26, 1899, and defendant fails and refuses to remove the obstruction and replace the crossing as required by law. The petition further alleges that the greater portion of plaintiffs' trade is derived from customers who live beyond and on the east side of the railroad, and that they have built up a special trade in

that line, many of their customers being country people who come many miles to the city to do their trading, and who delay the purchasing of their goods until they start home, and stop for that purpose at the store of plaintiffs on their way home.    It is alleged that all of these customers used this crossing in reaching the store of plaintiffs, as it was the only crossing available for their use, and plaintiffs' store could not be reached in any other way except by great inconvenience.    Plaintiffs allege that, on account of the tearing up and obstructing of this crossing, that part of their trade has been diverted into other channels and has been almost lost to them; and further, that these customers have formed trade relations elsewhere and with other parties, and will never return to plaintiffs; for all of which plaintiffs have been damaged $500.    Plaintiffs charge that while the defendant pretended that it was necessary to remove and obstruct the crossing in order to use its steam shovel and operate its gravel-train, it has abandoned its work thereat for more than a month, and has wilfully and deliberately refused and failed to replace the crossing or remove the obstruction, although requested by plaintiffs so to do, and for this plaintiffs ask that $500 be awarded them as exemplary damages.    By reason of the tearing up and obstructing of the crossing as described, plaintiffs have been damaged in the sum of $1,500, for which they pray judgment.    To this petition the defendant demurred specially on the grounds, that the damages claimed for injury to plaintiffs' business are too remote, consequential, and speculative to be the subject-matter of recovery in this suit, and that no such state of facts is alleged as would authorize the allowance of exemplary damages to plaintiffs under the law.    Defendant also filed a general demurrer, alleging that no cause of action had been set out against the defendant, and that the suit should have been brought against the Mayor and Council of Waycross, and not against defendant.    To the judgment of the court overruling its general, and also its special demurrer, defendant excepts.

1. It is insisted in the argument in this case, that the petition does not show that the plaintiffs owned the real estate upon which they were doing business, and that the inference is that they were merely tenants thereof.    No special demurrer was insisted on by the defendant below on this idea.    Besides, we think the allegation of the petition that "the store or place of business of plaintiffs is sit-

uated on Wilkinson street" is sufficient to sustain the inference that the realty belonged to the plaintiffs; and even if they were only tenants, they could recover damages directly flowing from a tortious interference with their business.

2. One argument upon which the plaintiff in error lays particular stress is, that it is the duty of the municipality to keep its public streets in order, and that consequently whatever cause of action the plaintiffs below may have had was primarily against the Mayor and Council of Waycross, and not against the railroad company. While it was argued by counsel for plaintiff in error that the obstruction of the street in question was by the sanction of the city authorities, there is nothing in the record to show that such was the case. The petition avers in express terms that the defendant, "without authority of law,", obstructed the crossing so that passage by the public was entirely stopped. While it is true that the duty of keeping the streets in order devolves primarily upon the municipal authorities, it does not follow from this that one who unlawfully and without any authority obstructs the same is not liable to any one who in consequence sustains special damage. This petition, we think, clearly sets forth special injuries to the plaintiffs, not shared in by the public. Even conceding, for the sake of the argument, that a cause of action would lie in favor of the plaintiffs against the municipality of Waycross for permitting the obstruction of the street to their special damage, it does not follow that they have not also a right of action against the wrong-doer who without authority made the obstruction, and who allowed it to remain even after abandoning the purposes for which the obstructive work was originally done.

3. It is further contended by counsel for plaintiff in error that the damages sought in this petition are of a speculative character, which prevents them from being the subject-matter of a suit. The allegations in this petition show that the obstruction complained of was of such a nature as to prevent the customers of the plaintiffs from using the crossing as a means of access to their store, and that this obstruction was continued a sufficient length of time to work injury and damage to plaintiffs' business. We think that this was inflicting upon them a special damage not shared in by the public at large, such as to entitle them to maintain an action. We do not see how any conclusion can arise that the damages sought are purely specu-

lative, before any proof is introduced showing the nature of the injury done to plaintiffs' business. The plaintiffs set forth a cause of action, and the court did right in refusing to sustain the demurrer. In the case of *Harvey* v. *R. R. Co.*, 90 *Ga.* 66, the principle was virtually decided in favor of sustaining such a cause of action as is set up in this petition. There it was held that "the owner of a business stand abutting a public alley sustains special damage, that is, damage not shared in by the public at large, if by the illegal obstruction of the alley customers are prevented from having and using the same as a means of access to the stand for the purposes of trade as they have been habitually doing for many years previously." It was further decided in that case, that it was no answer to this grievance by a railroad company unlawfully obstructing the alley that new and increased custom would result to the plaintiff's business by reason of the obstruction itself (the same being a depot to be placed across the alley) and other improvements which were to be erected by the company at and near the point where the depot was to be located and maintained; and that no increase in the value of the plaintiff's property, anticipated as a probable effect of the company's new improvements and works, could be taken into account as a set-off against injury to his business. It will be seen from that decision that this court by a unanimous opinion recognized the right of a person, not only to sue for damages to his realty, but also to maintain an action for injury to his business itself. In that case the action was for damages to a merchant's business resulting from the obstruction of a public alley in a city, and the consequent closing to his customers of a means of access to his place of business, and the suit was brought directly against the railroad company in the first instance, and not against the city.

The cases relied on by counsel for plaintiff in error we do not think are in point. For instance, the case of *Pause* v. *Atlanta*, 98 *Ga.* 92, is cited as authority. It is true that it was ruled therein that the plaintiff could not recover lost profits; but an examination of the original record in the case shows that she did not sue for lost profits, but for injury to her leasehold estate, and expenses incurred in erecting fixtures in her place of business. It was ruled in that case that it was competent for the plaintiff to prove that her business was profitable, not for the purpose of showing any loss of profits, but solely to illustrate and throw light upon the value

of the premises for rent. The right to sue for injury to business was not involved in that case, and we do not think that the court in its decision intended to rule that certain injuries to business would not be actionable, although the realty may have sustained no injury whatever. The case of *Bass* v. *West*, 110 *Ga.* 698, is also relied on by counsel for plaintiff in error. It is decided in that case that, in case of a tortious eviction from leased premises, the measure of the lessee's damages would generally be the value of the premises for rent during the remainder of his term; and that where the lessee conducted an established business on the leased premises, the value of the good-will of the business and the loss of profits occasioned by the eviction, if ascertainable with a reasonable degree of certainty, may be considered in estimating the value of the premises for rent. In that case the action was for a tort resulting in the eviction of a tenant from rented premises; in the present case the plaintiffs were the owners of the store in which their business was conducted, which shows that that authority has no application to sustain the demurrer in this case. Justice Cobb, in his opinion in that case, on page 703, simply lays down as a general rule the proposition that the measure of damages in such cases is the value of the premises for rent during the remainder of the term of the lease, and goes on to say: "If a person is wrongfully deprived of the use and occupancy of premises in which an established business is being carried on, he may recover damages for the injury done his business. He can not, however, even in such a case, recover for loss of profits and the value of the good-will of his business as such, but evidence as to these may be introduced to throw light on the value of his leasehold estate. Where the amount of the profits lost and the value of the good-will of the business can be ascertained with a reasonable degree of certainty, they should be allowed in estimating the value of the lease for the purpose for which it was being used. In cases, however, where these elements are merely speculative and conjectural and can not be ascertained with reasonable certainty, no allowance should be made therefor. This does not mean that the amounts of these elements of damage should necessarily be reduced to an exact calculation before a recovery could be had, but there must be sufficient data to enable a jury with a reasonable degree of certainty and exactness to ascertain the loss." We see nothing in that case in conflict with the principle

decided in the case at bar.    We think, on the contrary, that it is well established by this court, the case of *Harvey* v. *R. R. Co.*, supra, never having been reviewed or modified, that illegally obstructing and continuing to obstruct a public street so as to prevent the customers of a merchant from getting to his store is inflicting upon him a special wrong not shared in by the public at large, for which he is entitled to maintain an action for damages.    Such was the character of the action in the present case, and we think the court did not err in overruling the demurrers to the plaintiffs' petition.        *Judgment affirmed.    All the Justices concurring.*