19908. O. K., INC. *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA.

ARGUED OCTOBER 15, 1957—DECIDED NOVEMBER 8, 1957.

*Clifford Oxford,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Harold Sheats, Paul H. Anderson, W. Neal Baird,* contra.

ALMAND, Justice. The judgment under review is one dismissing the petition for injunctive relief.

O. K., Inc., in its petition against the State Highway Department of Georgia, sought to enjoin the defendant from further proceeding with its attempt to condemn the plaintiff's property. It was alleged that the defendant was proceeding, under the provisions of the act of the General Assembly, approved March 13, 1957 (Ga. L. 1957, p. 387 et seq.), in the condemnation of the plaintiff's land for a State and public highway in Fulton County, and was seeking to acquire a fee-simple title to the lands of the plaintiff. It was asserted that such condemnation proceeding was illegal and void, because said act of 1957 is unconstitutional and void for the reason that the act violates art. 1, sec. 3, paragraph 1 of the Constitution of Georgia (Code, Ann., § 2-301), in that the act provides no adequate method or machinery for the determination of property value prior to the taking of the property of the plaintiff. It is further alleged that the act: (a) does not afford the plaintiff, as owner of the property sought to be condemned, an opportunity to be heard on the appointment of the special master who is to

determine the compensation to be paid him; (b) limits the class of persons who may be appointed as special master to competent practicing attorneys at law who have practiced for at least three years, without reference to their knowledge or experience in the field of real-estate values, and that this thereby deprives the owner of his property; (c) fails to provide the condemnee any right to subpoena witnesses and the production of documents, thereby rendering the owner unable to present fairly and fully before the special master evidence of the value of his property; and (d) where on appeal the jury awards an amount less than the award made by the special master, the act requires the condemnee to pay 7% interest on the overage and thereby renders "it impossible for such owner to accept the amount of the award of the special master in any case where an appeal is filed except at the peril of having to return at some unknowable future time an unknowable portion of such award with interest thereon at the rate which he cannot earn upon any safe and secure investment of the amount of the award, with the result that the only prudent course which a property owner may pursue in the event of an award by a special master under the provisions of said act and an appeal therefrom is a decline to draw down the award, to be deprived of its use pending the final determination of the appeal before a jury which may be, and in practice often is, a period of several years, and at the same time to be deprived of his property and of its use and productiveness."

The attack being upon the act as a whole, we shall consider only the general question as to whether or not the act of 1957, supra, is invalid as a whole for any of the reasons urged, without adjudicating as to any particular sections or parts of the act except as related to the general question. *Miller* v. *Head,* 186 *Ga.* 694, 708 (198 S. E. 680). Such an omnibus attack will fail unless the statute is invalid in every part for some reason duly assigned. *Stegall* v. *Southwest Ga. Regional Housing Authority,* 197 *Ga.* 571, 584 (30 S. E. 2d 196); *Krasner* v. *Rutledge,* 204 *Ga.* 380, 383 (49 S. E. 2d 864); *Franklin* v. *Harper,* 205 *Ga.* 779 (55 S. E. 2d 221).

The act of 1957, in general, provides that it is supplementary to the methods and procedures for the condemnation of private property as provided in Chapters 36-2, 3, 4, 5, 6, and 11 of the

Code of 1933, and defines a "condemning body" as being the State of Georgia or any branch of the State government, any county, municipality or other political subdivision of the State vested with the power of eminent domain. The procedure provided for condemnation by such condemning bodies is that, on petition of the condemning body to a judge of the superior court of the county wherein the property sought to be condemned lies, such judge shall appoint a special master, who must be a competent attorney at law of good standing with at least three years experience in the practice of law, and shall set a time when all parties at interest shall have the right to be heard as to the value of the property and as to other matters material to their rights. The act of 1957 provides for notice to the owner and all interested parties of their opportunity to be heard. The duties and authority of the special master are the same as now provided in sections 36-502—36-506, inclusive, of the Code of 1933. The act provides that, when the special master makes his award, the same shall be filed with the clerk of the superior court, and, upon the condemnor paying into the registry of the court the compensation awarded, a judgment shall be entered condemning the property and vesting fee-simple title in the condemnor. Either party may enter an appeal to a jury. It is provided that the tender, payment, or acceptance of the amount awarded "shall not prevent either party from prosecuting the appeal." It is further provided that: "If the amount so awarded by the special master is less than that found by the verdict of the jury, the condemning body shall be bound to pay the sum so finally adjudged, less the amount previously deposited as herein provided, plus lawful interest on the difference from the date of the order of the special master, in order to retain the property; and if the verdict of the jury be less than the award of the special master, the owner shall be bound to *refund any excess paid to or received by him* and a judgment for such excess shall be rendered against him, plus lawful interest thereon from the date of such payment, to be collected by levy as in other cases." (Italics supplied.)

The method of ascertaining what is just and adequate compensation is subject, within certain limitations, to legislative discretion. *Oliver* v. *Union Point &c. Ry. Co.*, 83 *Ga.* 257 (2)

(9 S. E. 1086); *Pilgreen* v. *City of Atlanta,* 204 *Ga.* 710, 712 (51 S. E. 2d 655). It cannot be said in this case that the enactment of the act of 1957 was in anywise an abuse of legislative discretion, but rather it fully and adequately protects the constitutional rights of the owner of property condemned for public purposes in that it provides for just and adequate compensation to be first paid before the property is taken.

For no reason assigned is the act of 1957, supra, unconstitutional, and therefore it was not error to dismiss the petition.

*Judgment affirmed. All the Justices concur.*