23212.   BOWERS v. FULTON COUNTY.

Argued November 9, 1965—Decided January 7, 1966—
Rehearing denied February 2, 1966.

*Houston White,* for appellant.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General, T. Charles Allen, Harold Sheats, George Gillon,* for appellee.

*Troutman, Sams, Schroder & Lockerman, T. M. Smith, King & Spalding, R. Bryan Attridge, John V. Skinner, Charles M. Kidd,* for party at interest, not party to record.

QUILLIAN, Justice. ■ Construction of Art. I, Sec. III, Par. I of the Georgia Constitution as amended in 1960 (*Code Ann.* § 2-301) is invoked in the present case. "The words, 'construction of the Constitution,' . . . contemplate construction where the meaning of some provision of the Constitution is directly in question, and is doubtful by force of its own terms or under the decisions of the Supreme Court of the United States or of the Supreme Court of Georgia." *Gulf Paving Co. v. City of Atlanta,* 149 Ga. 114, 117 (99 SE 374). The constitutional provision here dealt with is plain and explicit, but many reported cases have cast shadows upon its meaning. The Supreme Court has jurisdiction, this not being a case where mere application of a constitutional provision is involved but one where construction of the provision above · mentioned is necessary.

■ The enumeration of errors contains exceptions to the overruling of the several grounds of the condemnee's amended motion for new trial. Grounds 5, 6 and 7 of the motion complain of the refusal of the trial judge to give to the jury charges requested in writing by the condemnee. These charges read, respectively:

(5) "I charge you that the Constitution of Georgia provides that private property shall not be taken, or damaged, for public purposes without just and adequate compensation being first paid. It is for the jury to determine in this case what is the amount of just and adequate compensation due to the condemnee, C. J. Bowers. In making this determination I charge you that one of the elements of just and adequate compensation in a case where an owner, having the fee simple title to the property sought to be taken by a political subdivision of this state, operating a business thereon, but is required as a result of said taking to remove his business therefrom, and as a result of said removal, is directly damaged with respect to his business, by the loss of profits therefrom, said owner is entitled to recover by way of damages such loss of profits, as a separate item of damages additional to the value of the property taken from him in this eminent domain proceeding. Such item of damages, if you find the condemnee has been damaged with

respect to the same, is a portion of the just and adequate compensation due to the condemnee by a proper and lawful construction of said constitutional provision of this state."

(6) "I charge you that the Constitution of Georgia provides that private property shall not be taken, or damaged, for public purposes without just and adequate compensation being first paid. As I have charged you, it is for the jury to determine in this case what is the amount of just and adequate compensation due to the condemnee, C. J. Bowers. In making this determination I charge you that one of the elements of just and adequate compensation in a case where an owner, having the fee simple title to the property sought to be taken by a political subdivision of this state, operating a business thereon, but is required as a result of said taking to remove his business therefrom, and as a result of said removal is directly damaged with respect to his business by the loss of customers and sales to customers, said owner is entitled to recover by way of damages, such loss, injury to, or diminution of business, as you may determine from the evidence as having been reasonably suffered by the owner of said business, as a separate item of damages in addition to the value of the property taken from him in this eminent domain proceeding. Such item of damages, if you find the condemnee has been damaged with respect to same, is a portion or element of just and adequate compensation due to the condemnee by a proper and lawful construction of said constitutional provision of this state."

(7) "I charge you that the Constitution of Georgia provides that private property shall not be taken, or damaged, for public purposes without just and adequate compensation being first paid. As I have charged you, it is for the jury to determine in this case what is the amount of just and adequate compensation due to the condemnee, C. J. Bowers. In making this determination I charge you that one of the elements of just and adequate compensation in a case where an owner, having the fee simple title to the property sought to be taken by a political subdivision of this state, operating a business thereon, but is required as a result of said taking to remove his business therefrom, and as a result of said removal is directly damaged with respect to his

business, by the expense of removing his equipment, fixtures and supplies from the building sought to be condemned in the sum of $1,670.88, said owner is entitled to recover by way of damages, such expense of removal of his business, as you may determine from the evidence as having been reasonably suffered by the owner of said business, as a separate item of damages in addition to the value of the property taken from him in this eminent domain proceeding. Such item of damages, if you find the condemnee has been damaged with respect to same, is a portion or element of just and adequate compensation due to the condemnee by a proper and lawful construction of said constitutional provision of this state."

The exceptions to the refusal of the court to give the requested instructions invoke the consideration and construction of the constitutional provision: "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid. . ." Constitution, Art. I, Sec. III, Par I (*Code Ann.* § 2-301), as amended in 1960. The specific question is whether the quoted provision allows the owner of a building where he conducts a business enterprise which is taken under the power of eminent domain to recover of the condemnor, as independent items, damages to his business caused by the necessity of removing the same to another location and the expenses incident to such removal.

In several cases decided by this court the pronouncement is made that damages to the condemnee's business and expenses incident to the removal of the same from the location where operated caused by the condemnation proceedings can not be recovered as separate and independent items of damages. In these cases it is held that evidence of such damages and expenses is admissible solely for the purpose of showing the value of the premises taken or damaged. The pronouncement of these cases was obiter dictum because they either did not involve the taking or directly damaging of the condemnee's physical property by the condemnor, but were suits in which damages were claimed because improvements made by the condemnor rendered less valuable the condemnee's premises or in which no claim for damages was made on account of damage to the

condemnee's business or for expenses incurred by him, hence, did not require a construction of Art. I, Sec. III, Par. I of the Constitution. Among these cases are *Peel v. City of Atlanta,* 85 Ga. 138 (11 SE 582); *Smith v. Floyd County,* 85 Ga. 420, 423 (11 SE 850); *Pause v. City of Atlanta,* 98 Ga. 92 (26 SE 489); *Austin v. Augusta Terminal R. Co.,* 108 Ga. 671 (34 SE 852, 47 LRA 755); *Barfield v. Macon County,* 109 Ga. 386 (34 SE 596); *Howard v. Bibb County,* 127 Ga. 291, 293 (56 SE 418); *Nelson v. City of Atlanta,* 138 Ga. 252 (75 SE 245).

The conclusion reached in *Pause v. City of Atlanta,* 98 Ga. 92, supra, and similar cases resulted from a failure to perceive that the right of the owner to recover for damage done his property was inclusive of damages to every species of property, real and personal, corporeal and incorporeal. All of these cases were predicated upon the concept that the constitutional provision in referring to property meant only physical or corporeal property. The view is too narrow. In *Woodside v. City of Atlanta,* 214 Ga. 75, 83 (103 SE2d 108), it is made clear that the taking or damaging with which the constitutional provision is concerned may be of any species of property. In the *Woodside* case the principle is pronounced: "The term 'property' is a very comprehensive one, and is used not only to signify things real and personal owned, but to designate the right of ownership and that which is subject to be owned and enjoyed. *Wayne v. Hartridge,* 147 Ga. 127, 132 (92 SE 937). The term [property] comprehends not only the thing possessed, but also, in strict legal parlance, means the rights of the owner in relation to land or a thing; the right of a person to possess, use, enjoy and dispose of it, and the corresponding right to exclude others from the use. 18 Am. Jur. 787, § 156." There were dissents in that case for other reasons, but no disagreement concerning the conclusion that a condemnee is under the constitutional provision entitled to just compensation for every species of property taken, or damaged, real or personal, corporeal or incorporeal. The difference between the Justices when the *Woodside* case was before the court was as to another matter, namely: when the "taking or damaging" contemplated by the same constitutional provision occurred and whether the filing of the declaration of

taking constituted a "taking," also as to whether under the facts of that case the Supreme Court had jurisdiction.

This court in the cases of *O. K., Inc. v. State Hwy. Dept.*, 213 Ga. 666 (100 SE2d 906), and *Kellett v. Fulton County*, 215 Ga. 551 (111 SE2d 364), made it clear that the Act of 1957 (Ga. L. 1957, p. 387), subsequently amended in 1962 (Ga. L. 1962, p. 461), embodied in *Code Ann. Ch.* 36-6A, did furnish an adequate method of ascertaining all compensation due the condemnee. It will be noticed that, according to the terms of the Act, all damage done to the condemnee's property is to be considered in making the award of compensation.

We further observe that in the case of *Oliver v. Union Point &c. R. Co.*, 83 Ga. 257 (1) (9 SE 1086), Chief Justice Bleckley wisely wrote: "The constitutional provision that private property is not to be taken for public purposes without just and adequate compensation being first paid, is too plain to be misunderstood, and is not to be violated or evaded by the legislature or the courts." See also *Harrison v. State Hwy. Dept.*, 183 Ga. 290, 293 (188 SE 445), for a similar pronouncement. The constitutional provision is susceptible to no construction except the condemnee is entitled to be compensated for all damage to his property and expense caused by the condemnation proceedings. Such damages and expenses are separate and distinct items from the amount which he is entitled to recover as the actual value of his building.

These requests to charge correctly quote the Constitution and that portion of the Constitution is all that is involved in the issue that is made in this case. The exception that is brought into the Constitution by amendment is not in controversy here but merely provides instead of first payment that payment be made when the value is determined.

We have considered the record and find the requested instructions pertinent and applicable to the issues of the case. In this situation it was error to refuse to give them in charge to the jury. The case of *Pause v. City of Atlanta*, 98 Ga. 92, supra, and all other cases in conflict with the ruling made in this division are expressly overruled.

There is no conflict between what is held here and the rule

that in awarding compensation for the real property taken its adaptability for all purposes may be considered and its value to the owner taken in account. The rule that all purposes to which the property may be put are for consideration in determining its value is a sound and just one. Property may have potential usefulness for various purposes although it may not be put to any of them. Whether it is or is not used for a particular purpose does illustrate its peculiar value and often shows its worth to the condemnee in excess of its market value. *Central Ga. Power Co. v. Stone*, 139 Ga. 416, 419 (77 SE 565). The loss of its use for such purposes is an element for consideration in awarding just compensation to the owner of the realty. *Atlanta Housing Authority v. Troncalli*, 111 Ga. App. 515 (142 SE2d 93). The destruction of an established business is and must be a separate item of recovery. The holdings of some cases that the loss of prospective profits is to be considered in determining the value of the real estate is one thing. This means no more than that the potential uses of the property may be proved for that purpose. The loss of an established business is an altogether different matter; such loss not merely reflects the value of the real estate, for frequently the value of the business greatly exceeds that of the premises where it is conducted.

In such circumstances it would be absurd to appraise the premises where the business enterprise is operated as having the value of the business. It would be fallacious to say just and adequate compensation was awarded for the business as well as the realty. No jury could understand such an illogical and impractical appraisal because it would give a false value to the real estate and to the owner's business alike. For instance, in a shabby and cheap building a very valuable business may be established. If the business has a value of $100,000 and the building $5,000, by what process of reasoning can the value of the business be included in the appraisal of the building?

■ An assignment of error challenges the correctness of the trial judge's charge: "In the taking of private property for public purposes, our Constitution and our laws make certain provisions. Our Constitution provides that private property

shall not be taken for public purposes without just and adequate compensation. In the law it is provided that just and adequate compensation for the property taken shall be paid." The criticism of the charge is "that the court should have charged the full constitutional provision contained in Art. I, Sec. III, Par. I of the Constitution of Georgia (*Code Ann.* § 2-301) with reference to the taking *and damaging* to private property which is as follows: 'Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid.' "

The pleadings and evidence showed the condemnee sustained damages and incurred expenses incident to the removal of the business. The charge is obviously error for the award of fair value of the property taken would allow no compensation to the condemnee for the damages to his business or the expenses of removing his fixtures to a new location.

■ The enumeration of errors contains an exception to the refusal of the trial judge to give in charge to the jury requested instructions. The requested charge was repetitious, argumentative and in part incorrect. While it contained some sound statements of the law, it was not free from imperfections. Hence, the assignment of error is without merit.

■ The enumeration of errors attacks singularly and collectively parts of the trial judge's charge reading: (1) "I charge you that the law says that in most condemnation cases the fair market value is the amount of just and adequate compensation." (2) "I charge you that the Constitution does not require in all cases the fair market value of the property taken to be used as a basis of determining just and adequate compensation, although, as stated, the measure is generally by determining the fair market value of the property actually taken." (3) "I further charge you that the constitutional provision as to just and adequate compensation does not necessarily restrict the owner's recovery to market value. The owner, or condemnee, is entitled to just and adequate compensation for his property, that is, the value of the property to him, not its value to Fulton County." (4) "I charge you, however, that generally speaking the measure of damages is the market value of the property

actually taken and when this would give just and adequate compensation to the owner, this rule is to be applied by you."

The first of these charges is incorrect because it was not adapted to the issues made by the pleadings and evidence. The condemnee plead and submitted proof that in the condemnation proceeding his business had been damaged and he had been further damaged by being compelled to incur expenses incident to the removal of his business to another location. The instructions specifically restricted the condemnee's recovery to the value of the property taken.

The second charge was error because it impliedly instructed the jury the Constitution contained a provision in reference to market value being the measure of just and adequate compensation. There is no such provision in the Constitution.

The third charge is error because the Constitution does not contain any allusion to fair market value as a criterion for determining just and adequate compensation. The mandate of the Constitution is that "private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid." The legislature, within certain bounds, prescribes the method of determining the measure of compensation. *Oliver v. Union Point &c. R. Co.*, 83 Ga. 257 (2), supra.

The fourth of these criticized charges is subject to the same objection as is the first.

■ The enumeration of errors contains an exception to a charge of the trial court reading: "The condemnee is entitled to a sum which may restore the money loss consequent to the taking and injury. This consists generally of the fair market value of the property taken."

As previously pointed out and discussed the pleadings and evidence made an issue as to the condemnee's right of compensation for damages to his business and expenses incident to removing it to a new location which directly resulted from the condemnation proceedings. The charge was error.

■ There is an assignment of error that the trial judge erred in excluding from the evidence an incomplete sale contract which constituted nothing but the seller's offer to convey cer-

tain property for a stated price. The offer had not, as far as the evidence disclosed, been accepted by a buyer and was not enforceable. The assignment is without merit.

■ The trial judge undertook to give in charge to the jury the definition of "fair market value." In doing so he omitted the requirement that the buyer as described in the definition is one desiring to buy. The appellant assigns the charge as error and as a matter of law it is inaccurate. *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 419, supra.

■ There is an exception to the trial judge's charge: "In condemnation proceedings as authorized by law, the willingness or unwillingness of the property owner to part with his property is not a subject matter for consideration by you, the jury. In other words, gentlemen, you will find the value without regard to whether the property be willingly or unwillingly parted with by the owner." There were several objections raised to the charge, but we need consider only one. The condemnee "contends that said portion of the charge was contradictory to other portions of the charge and confusing to the jury in that the court on three other occasions in the charge charged the definition of fair market value to include a willing seller, i.e., 'one who desires, but is not obliged to sell,' which was the equivalent of a willing seller."

The court had meticulously and repeatedly defined "market value" each time describing the seller referred to in the definition as a seller willing to sell, but not compelled to sell. *Central Ga. Power Co. v. Stone,* 139 Ga. 416, 419, supra. Hence, the charge assigned as error was confusing and prejudicial to the condemnee. The error arises out of the erroneous conception that the fictitious "buyer and seller" referred to in the definition of market value were the condemnor and condemnee. The definition simply furnishes a formula for arriving at the value of property. The buyer described in the definition is, of course, not the condemnor, who is under compulsion to buy because the Constitution requires that the taking and damaging of private property be necessary in order that the condemnor vested with such authority may exercise the power of eminent domain. It being necessary that the public agency exercising such power

do so only when it is necessary, the condemnor, as a matter of law, is compelled to acquire the property taken. The condemnee, who is not really a seller at all, is likewise obliged to relinquish the title to his property. So, in no case should the condemnor be referred to as a buyer who is not obliged to buy and the condemnee as a seller who is not compelled to sell.

We are, of course, aware that it is proper to instruct the jury that they are not concerned with the right and necessity of taking, but in fixing the value of the property taken the charge should not have referred to the willingness or unwillingness of the condemnee.

■ The enumeration of errors contains an exception to the exclusion of certain testimony of the condemnor's witness, J. D. Otwell, elicited on cross examination. The answers of the witness given in response to questions propounded by condemnee's counsel were as follows: "Q. Could you put yourself in the position of an owner in those premises there, I mean does your expertness permit you to assume that you could consider yourself running a business there on the location there on Mr. Bowers' place? A. I think so. Q. I want you to tell me the answer to this question, if you were making at least $31,000 net profit in that piece of property in the bookkeeping business that was going on there in eight months of 1964 at an average of at least $5,000 a month or at least approximately that net income, would you sell it for $45,000? A. Well now, I'll have to qualify that a little bit. First place, you mean as a real estate man, appraiser or as a layman? Q. Any way you could get it. A. If I was running a business there I doubt that, and was getting along fine, I doubt that I would sell it for $45,000. Now, as appraiser, I would know that that was its market value. I just merely didn't want to sell it. Now, I would know that I could go out and replace it at some other location for $45,000 or less. I own an old house in Capitol View. I have been living in it for twenty years. I know it's worth about $10,500 but I would not sell it for $10,000. That's sentimental value."

The testimony was pertinent and material to the issues concerning the special value of the property taken. The court erred in excluding it.

744

■ A witness for the condemnor, J. B. Otwell, testified that certain property near but not in the immediate vicinity was owned by the condemnee in order to show the condemnee could remove his business to the property and that the property taken had no special value, or less special value to the condemnee than he contended. The condemnee countered by introducing into evidence an ordinance of the City of Atlanta from which it appeared the other property which Otwell referred to as being owned by the condemnee was not at the time or for months thereafter zoned for business uses, but solely for residential purposes. The appellant then moved to exclude Otwell's testimony. His position is that the ordinance showed, as a matter of law, the premises referred to in Otwell's testimony as other property owned by the condemnee were not available as a site for the conduct of the condemnee's business. The trial judge overruled the motion and it is to this ruling the appellant excepts.

The judge did not err in refusing to exclude Otwell's testimony. The fact that evidence is successfully refuted by other proof is not ground for its exclusion. Had the fact that the property in question had been zoned for residential purposes before and was so zoned when the declaration of taking was filed appeared from the testimony of Otwell or other evidence submitted by the condemnor a different question would be presented.

■ There was an exception that the trial judge erred in charging the jury that the burden of proof was upon the condemnor. The charge was correct.

■ The enumeration of errors contains the complaint that the verdict was inadequate. Since under the rulings made in the preceding divisions of this opinion the issues and evidence on another trial will necessarily be different from that considered in the trial we now review, this assignment of error need not be passed upon.

*Judgment reversed. All the Justices concur. Mobley and Cook, JJ., concur in the judgment, but dissent from the rulings in Divisions 2 and 3 of the opinion.*

Cook, Justice, dissenting from Divisions 2 and 3 of the opinion. In the opinion of the majority this court for the first time, so far as I am able to ascertain, has held that loss of profits from

a business and expenses of removal of a business caused by the condemnation of property can be recovered as separate items of damage in addition to the value of the property taken.

In *Pause v. City of Atlanta*, 98 Ga. 92 (4, 5), supra, where damages were claimed to a leasehold interest in property resulting from the building of a bridge by the city, this court held: "In such case, neither the profits of the business carried on upon the premises so leased, nor the cost of fixtures or other improvements placed therein, nor of articles purchased for the purpose of enabling the lessee to conduct such business, nor the diminution in value of such fixtures, improvements or articles as are removed by the lessee from the premises upon leaving the same, are recoverable as damages; but the increased value of the premises for rent in consequence of the putting in of such fixtures and improvements may be considered in computing the damages to the leasehold estate. On the trial of such a case, it is competent for the plaintiff to prove that the business in question was in fact profitable, not for the purpose of recovering any loss in profits, but solely to illustrate and throw light upon the value of the premises for rent." This has been the law in Georgia since 1895.

The *Pause* case, and a number of other cases, are cited in the majority opinion and it is stated that the pronouncements in those cases were obiter dictum because they either did not involve the taking or directly damaging of the condemnee's physical property by the condemnor, or no claim for damages was made on account of damage to the condemnee's business or for expenses incurred by him, and that they did not require a construction of the Constitution, Art. I, Sec. III, Par. I (*Code Ann.* § 2-301). I can not agree with this view. This constitutional provision applies alike whether property is taken or damaged for public purposes.

In *Brunswick & Western R. Co. v. Hardey & Co.*, 112 Ga. 604, 608 (37 SE 888), the *Pause* case was distinguished from the case under review and it was pointed out that in the *Pause* case the plaintiff did not sue to recover lost profits, but for injury to her leasehold estate and the court stated that "we do not think that the court in its decision intended to rule that certain injuries to business would not be actionable, although the realty may

have sustained no injury whatever." This was not a holding that the *Pause* case was unsound or that the statements in it were obiter dictum. In *Atlantic & Birmingham R. Co. v. McKnight,* 125 Ga. 328, 334 (54 SE 148), this court stated that the *Pause* case was "recognized as binding authority," and the *Pause* case has subsequently been cited and relied on as authority in numerous unanimous decisions of this court, including many recent cases.

The majority opinion contains a quotation from 18 Am. Jur. 787, § 156, defining property for which compensation may be awarded in condemnation proceedings. In the same volume of that text, 18 Am. Jur. 900, Eminent Domain, § 259, it is said: "Accordingly, it may be stated as a general rule that injury to business or loss of profits, or the inconvenience of carrying on business in a new location is not to be considered as an element of damages in eminent domain proceedings in the absence of a statute expressly allowing such damages, even under a constitutional provision allowing just compensation for property taken, injured, or destroyed." ·

It is my view that the rulings in Divisions 2 and 3 of the majority opinion incorrectly construe the constitutional provision concerning the taking or damaging of private property for public purposes. I therefore concur in the judgment of reversal, but dissent from the rulings in Divisions 2 and 3 of the opinion.

I am authorized to state that Mr. Justice Mobley concurs with me in this dissent.